[Civil No. 1409. Filed December 29, 1914.]

[145 Pac. 143.]

In the Matter of the Estate and Guardianship of HENRY LE ROY DILLMAN, a Minor. BESSIE ANNA ILER, Appellant, v. HOWARD F. DILLMAN, Appellee.

1. GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN—PETITION.—Under Civil Code of 1913, paragraph 1106, providing that the appointment of a guardian may be made on the petition of a relative or other person in behalf of the minor, and paragraph 1122, providing that, in making the appointment, the court shall be guided by what appears to be for the best interests of the child, where a child's mother and paternal grandmother filed separate petitions, each asking that she be appointed guardian, the court can appoint the child's father, though he filed no petition for such appointment before the hearing.

2. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT—APPOINTMENT OF GUARDIAN.—In proceedings for the appointment of a guardian, the

determination as to whose appointment will be best for the child is one of fact, which will not be disturbed on appeal, if supported by any substantial evidence.

[As to common-law powers of guardian, see note in 89 Am. St. Rep. 257.]

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

Bessie Anna Iler filed a petition in the superior court alleging that she is the mother of Henry Le Roy Dillman; that Howard Fay Dillman is the father of said child; that petitioner and Howard Fay Dillman were married, and that they were divorced by decree of the court; that Henry Le Roy Dillman is a child of six years of age, and praying that she be appointed guardian. By an order of the court previously made, the custody and care of such minor was awarded to Josephine Dillman and H. C. Dillman, her husband. These parties are the parents of Howard Fay Dillman and the grandmother and grandfather of the child. The grandparents reside in Cochise county. The mother, after the said divorce was granted, remarried to John W. Iler. She resides with her husband in Gila county. Howard Fay Dillman is unmarried and resides in Maricopa county.

Josephine Dillman filed her petition praying for an order appointing her guardian of the child. The interested parties appeared before the court and announced ready to proceed. The court proceeded to hear the proofs offered by the contesting parties. Upon the close of the evidence, the cause was submitted to the court for consideration and decision. Before the decision was announced, Howard Fay Dillman filed his petition praying the court to appoint him guardian of the child, upon the grounds that he is the father of the child. The mother and other relatives of the child were present and had actual notice of the filing of the last petition. The contesting parties agreed that the evidence given upon the hearing of the prior petitions might be considered as given upon this last petition. The former matter was treated as reopened by the court and resubmitted with the last petition, and the three petitions were considered together. The court rendered its judgment appointing Howard Fay

Dillman, the father of the child, its guardian, and requiring him to give bond in the sum of $100, and imposed the condition that the child should be maintained in the home of Josephine and H. C. Dillman. A motion for a new trial was denied Bessie Anna Iler, and she appeals from the order appointing the guardian and from the order refusing a new trial.

Mr. J. T. Kingsbury, for Appellant.

Messrs. Doan & Doan, for Appellee.

CUNNINGHAM, J.—The appellant contends in argument that under the law and the evidence the appellant should have been awarded the guardianship of the child, for two reasons: First, because the evidence tends to show that the father, Howard F. Dillman, expressed a willingness that the mother should have the child before he filed his petition; and that he ought not to have been permitted to file his petition after the issues raised on the first petition had been submitted. The appellant's assignment of errors are: (1) that the court erred in denying appellant's motion for a rehearing. The assignment evidently refers to the motion for a new trial. The grounds set forth in the motion are practically the same as the remaining alleged errors assigned, viz.: (2) The court erred in refusing to appoint the appellant as the guardian of the minor; (3) that the court erred in appointing Howard F. Dillman as the guardian of said minor; (4) the court erred in permitting the said Howard F. Dillman to file his petition after the case was closed and submitted. These assignments can have but one meaning; that is, that the court erred in making the selection of a guardian for the minor child by selecting and appointing Howard F. Dillman, for the reason Dillman had not filed a petition praying such appointment in time to be heard with the appellant's petition.

"The superior court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have no guardians legally appointed by will or deed, and who are inhabitants or residents of the county. . . . Such appointment may be made on the petition of a relative or other person on behalf of the minor. . . . " Paragraph 1106, Civ. Code 1913.

The mother's petition, when filed, was sufficient to invoke the jurisdiction of the court to exercise the power of selecting and appointing a guardian for the child under this statute. No further petition for that purpose is necessary to empower the court to act in such matter. The petition filed by the mother prays that she be appointed the guardian. The petition of the grandmother, filed later, prays that she be appointed guardian. When the evidence was heard, no other petitions were filed. No petition then on file prayed for the appointment of Howard Fay Dillman as guardian of the child. His petition praying for his appointment was filed after the evidence was closed on the hearing of the former petitions. The question is: Was a prayer requesting the appointment of a certain person necessary to authorize the court to select and appoint? Paragraph 1122, Civil Code of 1913, lays down the rule that must be followed by the court in such case as follows:

"In awarding the custody of a minor, or in appointing a general guardian, the court is to be guided by the following considerations: (1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court may consider that preference in determining the question. (2) As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father. (3) . . ."

The vital question for determination is the best interests of the child—the child's welfare. In selecting and appointing a guardian, one which, when appointed, will, in the judgment of the court, best promote the child's welfare, the court is not limited in such selection of a guardian to the suggestions found in the pleadings. The person appointed must, of course, in some manner make known to the court that he or she will accept the trust, but that fact may be made known after the appointment with equal force as if made known before the order is entered. When the court has selected and appointed a general guardian for a minor child having no guardian appointed by will or by deed, and the guardian so

selected and appointed appears to be one of the parents of the child, and such appointment was made upon the hearing of a petition of a relative of the child filed for that purpose, the irresistible presumption arises therefrom that the court determined from the evidence that the best interests of the child would, in its judgment, be promoted by the appointment of the particular person named.

Such determination is a determination of a fact from the evidence considered. An appellate court will not disturb an order based upon a determination of a fact from evidence, if any substantial evidence appears in the record which fairly tends to support the conclusion reached by the trial court. Ample evidence sustaining this determination reached appears in this record.

The order is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—On the parent's right to appointment as guardian, see note in 33 L. R. A. (N. S.) 869.