[Civil No. 2214. Filed May 22, 1925.]

[236 Pac. 700.]

In the Matter of the Adoption of GEORGIA CLOUGH, a Minor. LENA E. HARRAH, Appellant, v. JOHN CALVIN RODGERS, and ELIZABETH RODGERS, His Wife, Appellees.

1. ADOPTION—CONSENT OF PARENT MAY BE UNNECESSARY IF BEST INTEREST OF CHILD PROMOTED.—Under Civil Code of 1913, paragraph 1193, consent of parent to adoption of its child is not necessary if it appears that best interest of child will be promoted by adoption.

2. ADOPTION — COURT HAD FULL JURISDICTION TO ORDER ADOPTION WHERE MOTHER WAS IN COURT, NOTWITHSTANDING ALLEGED GUARDIAN NOT NOTIFIED.—In proceeding for adoption where father was dead and mother was present in court opposing proceeding and offering evidence in her behalf, court had full jurisdiction to

---

1. Constitutionality of statute permitting adoption without consent of parents, see note in 18 L. R. A. (N. S.) 926. Necessity of notice to parents before adoption of child, see note in 24 A. L. R. 416.

2. See 1 R. C. L. 607.

order adoption, notwithstanding the alleged guardian, who was not
shown to have become legal guardian, had not been notified.

3. APPEAL AND ERROR—CONCLUSION OF TRIAL COURT DRAWN FROM
CONFLICTING TESTIMONY NOT DISTURBED.—Where either of two
conclusions might be drawn from conflicting testimony, conclusion
of trial court will not be disturbed.

---

See (1) 1 **C. J.**, p. 1386.  (2) 1 **C. J.**, p. 1389 (1926 Anno.),
(3) 4 **C. J.**, p. 883.

APPEAL from a judgment of the Superior Court
of the County of Maricopa.   Dudley Windes, Judge.
Affirmed.

Mr. Howard C. Speakman and Mr. George T. Wilson, for Appellant.

Mr. G. S. Cunningham and Mr. A. T. La Prade,
for Appellees.

LOCKWOOD, J.—John Calvin Rodgers and Elizabeth Rodgers, his wife, hereinafter called appellees,
filed a petition in the superior court of Maricopa
county for permission to adopt one Georgia Clough,
a minor, of the approximate age of three years, setting up that the father of the child, Marvin Clough,
was deceased and its mother living in Phoenix, and
alleging the best interests of the child would be promoted by the adoption.

The mother, Lena Harrah, formerly Lena Clough,
hereinafter called appellant, and her present husband,
Charles Harrah, appeared to resist the petition, alleging that they were fit and proper persons to have
the custody and control of the child, asking that they
be permitted to adopt it, and that the petition of
appellees be denied.   The court examined the parties
and a number of witnesses at a regular hearing and
denied the petition of appellant, but granted that of
appellees, reciting in the order that such appeared to

---

3.  See 2 **R. C. L.** 202.

be for the best interests of the child. From this order an appeal was taken.

Counsel for appellant assigns two errors; the first being that neither the parents nor legal guardians of the child consented to the adoption, and therefore the court had no jurisdiction to make the order. It is true, as stated by counsel, that adoption was unknown to the common law and is still not recognized by the law of England. Even there, however, a father or mother may by abuse or neglect forfeit the right to the custody and control of the child. Practically every other civilized country from time immemorial has permitted adoption, and the common law has been changed in every state of the Union, so far as we are advised.

Many, if not most, of these statutes expressly state that the consent of the parent is not necessary if the best interest of the child requires adoption, and the constitutionality of such laws has always been upheld. *Stearns* v. *Allen et al.,* 183 Mass. 404, 97 Am. St. Rep. 441, 67 N. E. 349; *Matter of Ziegler,* 82 Misc. Rep. 346, 143 N. Y. Supp. 562. And most of the decisions even go so far as to say an adoption is valid although the parent has no notice of the proceeding, if the statute so provides. *Purinton et al.* v. *Jamrock,* 195 Mass. 187, 18 L. R. A. (N. S.) 926, 80 N. E. 802; *Nugent et al.* v. *Powell,* 4 Wyo. 173, 62 Am. St. Rep. 17, 20 L. R. A. 199, 33 Pac. 23.

Under paragraph 1193, R. S. A. of 1913 (Civ. Code), the consent of the parent is expressly declared not necessary if it appears to the court that the best interests of the child will be promoted thereby. We see no merit in the suggestion that the court has no jurisdiction to grant letters of adoption against the will of the parent, if it is for the best interests of the child that it be done.

Nor do we think the Deaconess Hospital was a necessary party to be notified. The child was not with

it, nor does the record show it had ever become the legal guardian of the minor. The father was dead and the mother was the only person necessary to notify under the circumstances, if notice was required. She was present in court, defended in the proceeding, and offered evidence in her own behalf. The court had full jurisdiction to make the order of adoption.

The second assignment of error is that the evidence is insufficient to show the best interests of the child would be served by its adoption by appellees. We have examined the evidence carefully, and all we can say is that there is such a conflict therein that either conclusion might well be drawn therefrom. Our well-established rule is that under such condition we will not disturb the conclusion of the trial court. *In re Dillman,* 16 Ariz. 323, 145 Pac. 143; *Willard* v. *Carrigan,* 8 Ariz. 70, 68 Pac. 538.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.