[Civ. No. 16058. First Dist., Div. One. June 15, 1954.]

Guardianship of FRANK EDMUND CANTWELL et al., Minors. FRANK E. CANTWELL, Appellant, v. CLO-TILDA ALLEN CANTWELL, Respondent.

Webster Street for Appellant.

Lacey & Thornberry for Respondent.

WOOD (Fred B.), J.—Frank E. Cantwell petitioned the superior court that he be appointed guardian of his sons Frank Edmund, aged 5, and Peter Allen Cantwell, aged 3, alleging that the wife and mother, Clotilda Allen Cantwell, is not a fit and proper person to have custody.

Notice was duly served upon Clotilda and the children, also upon the county probation officer as custodian of the children. Clotilda attended the hearing in person and by counsel. During the course of the hearing she filed an answer alleging that she is, and the petitioner is not, a fit and proper person to have the care, custody and control of the children. She prayed that the petition for his appointment as guardian be denied and that exclusive custody of the persons of the children be awarded to her under the provisions of sections 199 and 214 of the Civil Code for such time and under such regulations as might seem proper to the court and that the court fix the circumstances under which petitioner may see and visit with the children.

The court denied Frank's petition for appointment; found that it is necessary and convenient that a guardian of the persons of these minors be appointed and that Clotilda is a fit and proper person; and ordered Clotilda appointed guardian of the persons of the minors.

Petitioner has appealed. He claims the trial court lacked jurisdiction to make the appointment because (1) his petition presented the issue whether he should be appointed, not whether Clotilda should be appointed, (2) her request to be given custody under the Civil Code sections cannot be treated as a petition for appointment as a guardian because it lacks the jurisdictional averments prescribed by section 1440 of the Probate Code, and (3) if her request could be treated as such a petition, jurisdiction to hear it would be lacking because of failure to give notice thereof to the children and to the probation officer as custodian of the children.

We need consider only the first point. It is not well taken. It represents too narrow a view of the issues presented when a proper petition for appointment of a guardian is filed and served upon all interested persons.

This is not a case of private litigants who may delimit the scope of the issues by narrowly stating what they plead and pray for. Here, the state as foster parent has an interest in the subject matter, the welfare of the children. It acts through the superior court in attending to their welfare. "When it appears necessary or convenient, the superior court

of the county in which a minor resides or is temporarily domiciled, or in which a nonresident minor has estate, may appoint a guardian for his person and estate, or person or estate. The appointment may be made upon the petition of a relative or other person on behalf of the minor, or on the petition of the minor, if fourteen years of age." (Prob. Code, § 1440.) The primary question is whether it is "necessary or convenient" that a guardian be appointed. Concerning the person who should be appointed, section 1440 is silent. It does not restrict the court, in its selection, to the petitioning relative or to the person, if any, recommended by the petitioning relative.

When the court, in such a case, decides it is "necessary or convenient" that a guardian be appointed, the duty of selecting a fit and proper person springs into being. Certain rules for the guidance of the court in the performance of this duty are furnished by the Probate Code.

The principal rule is that in appointing a general guardian "the court is to be guided by what appears to be for the best interest of the child in respect to its temporal and moral welfare." (§ 1406.) The court must consider also the preferential rights of various persons who may be eligible for appointment. "Of persons equally entitled in other respects to the guardianship of a minor, preference is to be given as follows: (1) To a parent. . . ." (§ 1407.) "As between parents claiming the guardianship adversely to each other, neither is entitled to priority; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father." (§ 1408.)

All of these factors were before the court in the instant case and all persons in interest had due notice. The fact that Frank asked for his own appointment, not Clotilda's, and that she sought custody order under sections 199 and 214 of the Civil Code instead of letters of guardianship, did not deprive the court of its jurisdiction and duty to select and appoint a proper person as guardian, once it decided that a guardian was needed by the children. The court found the mother fit and proper and appointed her. No question as to her fitness is raised upon this appeal, merely the jurisdiction of the court to appoint her. We entertain no doubt concerning the court's power to appoint her. We can conceive of no need for the serving and filing of a new petition expressly praying for Clotilda's appointment as guardian. It would not

add any pertinent issue to those presented by Frank's petition, of which all in interest had due notice.

Although no California decision precisely in point has come to our attention, the tests for ascertaining jurisdiction are well established.

In *Ex parte Miller* (1895), 109 Cal. 643 [42 P. 428], a person not a relative filed a sufficient petition and was appointed guardian of a child of 11 years. Notice was given to both parents of the child and they appeared at the hearing. "As the filing of the petition for the appointment of a guardian gave to the superior court jurisdiction of the subject matter, and the appearance of the parents at the hearing of the petition, as well as the service upon them of the citation, gave to the court jurisdiction over their persons, it was incumbent upon them to present to that court any matter, if such existed, which would have justified the court in denying the petition. They cannot afterward upon proceedings in *habeas corpus* assert a right to the custody of the infant as against the guardian, which they might have presented in that proceeding, but which they neglected to present." (P. 647.)

In *Halett* v. *Patrick* (1875), 49 Cal. 590, it appeared that Abraham T. Enos had been appointed guardian of James P. Wright, an insane person, upon a sufficient petition and after due notice and hearing. Enos failed to qualify by filing the prescribed bond. Thereupon Halett petitioned for appointment and was appointed guardian, without further notice to the ward. The court held that upon "the filing of the petition by Enos, and the service on Wright of the notice required by the statute, the court acquired jurisdiction to adjudicate the question of insanity and to appoint a guardian. On determining that Wright was insane, the court had authority to select a guardian and its discretion in the selection of a proper person was in no degree restricted by the fact that in his petition Enos prayed that he himself be appointed. Under that petition, the court had authority to exercise its discretion as to the person to be appointed. It appointed Enos, coupled with a condition that he execute a proper bond, as required by the statute. The law annexes this condition to the appointment, and the court had no power to dispense with it. After a sufficient time had been allowed for that purpose, Enos failed to execute the bond, and his appointment remained ineffectual and incomplete. He never became the guardian of Wright, and the proceeding remained in *fieri* until a guardian was appointed and qualified. The court did not

lose its jurisdiction to appoint a guardian, because the person first selected failed to qualify. Wright had his day in court, was notified of the proceeding, and was bound to take notice that Enos failed to qualify, and that the court would appoint another in his stead. Having had one notice of the first step in the proceeding, Wright was bound to take notice of every subsequent step until a guardian was appointed and qualified, or the application otherwise definitely disposed of. The order appointing the plaintiff recites the fact that he was appointed because Enos failed to give the requisite bond. His appointment was not a step in a new and original proceeding commenced by him but in the former proceeding commenced by Enos. The plaintiff, it is true, filed a petition praying that he be appointed guardian; but this was superfluous, as the Court had authority to appoint him without any petition for that purpose; and the order shows on its face that he was appointed in the original proceeding, for the reason that Enos had failed to give the requisite bond." (Pp. 594-595.)

The Supreme Court of Arizona, under statutes substantially the same as sections 1440, 1406 and 1408 of our Probate Code, has held that the court has jurisdiction, upon hearing the petitions of the mother and the paternal grandmother of a minor (each for appointment of herself as guardian), to appoint the father as guardian. (*In re Iler* (1914), 16 Ariz. 323 [145 P. 143].) The question was whether "a prayer requesting the appointment of a certain person [was] necessary to authorize the court to select and appoint." (P. 144.) Analyzing the statute, the court said: "The vital question for determination is the best interests of the child—the child's welfare. In selecting and appointing a guardian, one which, when appointed, will, in the judgment of the court, best promote the child's welfare, the court is not limited in such selection of a guardian to the suggestions found in the pleadings. The person appointed must, of course, in some manner make known to the court that he or she will accept the trust, but that fact may be made known after the appointment with equal force as if made known before the order is entered. When the court has selected and appointed a general guardian for a minor child having no guardian appointed by will or by deed, and the guardian so selected and appointed appears to be one of the parents of the child, and such appointment was made upon the hearing of a petition of a relative of the child filed for that purpose, the irresistible presumption arises therefrom that the court determined from the evidence that

the best interests of the child would, in its judgment be promoted by the appointment, of the particular person named." (P. 144 of 145 Pac. See also *In re Mignerey's Guardianship* (1941), 11 Wn.2d 42 [118 P.2d 440, 443-444], and *In re Guardianship of Vogelpohl* (1952), 243 Iowa 701 [53 N.W.2d 151, 160], appointment of guardian of an incompetent person.)

██ When, as in the instant case, the petition presents the question whether it is "necessary or convenient" that a guardian be appointed and all persons in interest, including both parents, are before the court, the court has *jurisdiction* to appoint either parent whether the petition requests or opposes the appointment of that parent.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied July 15, 1954, and appellant's petition for a hearing by the Supreme Court was denied August 10, 1954.