[Civ. No. 25607. Second Dist., Div. Four. Jan. 18, 1962.]

Guardianship of the Person and Estate of DONALD PRESTON BROWN, a Minor. VIOLA MARIE PHILLIPS, Petitioner and Appellant, v. CHARLES PRESTON BROWN, et al., Objectors and Respondents.

Joseph R. Carter, Jr., C. Clinton Clad and Esther L. Speakman for Petitioner and Appellant.

Max Bamberger and Harry Brody for Objectors and Respondents.

BALTHIS, J.—After the death of the mother of Donald Preston Brown, a minor approximately 6 years old, two petitions were filed seeking appointment as guardian for said minor. One petition was by Viola Marie Phillips (appellant here), the maternal grandmother of the child, and the other was a petition by Charles Preston Brown, the father of the minor. The court, sitting without a jury, found the father was an unfit person to have the care and custody of said minor and the father's petition was therefore denied. The court further found that the appellant, Viola Marie Phillips, ". . . does not have the responsible judgment, temperament or standards that would be necessary for the welfare of the said minor; . . ." and that "it would not be in the child's interest or welfare" to grant the petition of said Viola Marie Phillips. The court also found that it is "for the best temporal, mental and moral welfare of said minor that John N. Brown and Amy L. Brown, paternal grandparents of said minor be appointed joint guardians of said minor Donald Preston Brown." Appellant appealed from the order denying her petition for guardianship and providing for the appointment of the paternal grandparents as guardians for the child.

The contentions made by appellant are (1) that as no petition had been filed for the appointment of the paternal grand-

parents, appellant had no opportunity to contest their fitness to be appointed as guardians and (2) that as a guardianship appointment is more difficult to change than custody in a divorce action the court should not proceed with the appointment of persons who have not petitioned without allowing other interested parties full opportunity to contest any issue of fitness or competency.

At the outset it should be noted that the trial court's determination of the best interests of the child will not be disturbed except on the showing of a manifest abuse of discretion. (*Guardianship of Walsh,* 100 Cal.App.2d 194, 196 [223 P.2d 322, 22 A.L.R.2d 689] ; *Darwin* v. *Ganger,* 174 Cal. App.2d 63, 74 [344 P.2d 353].)

In this case there is no contention that the interested parties did not have notice. On the petition of appellant, the maternal grandmother, notice of hearing was given to the father and the paternal grandparents. On the father's petition, notice was given to appellant and the paternal grandparents. The court heard both petitions in a full four-day hearing with all parties, including the paternal grandparents, being before the court.

The trial court's findings are fully supported by the evidence. There was evidence which indicated the father was not a responsible person; that he had in the past neglected the minor child; that he conducted himself in the presence of the child in a violent and intemperate manner; that he failed to provide the minor with the necessaries of life and that he was emotionally unstable. The father of the minor has not appealed so there is no contest here between parent and another relative of the child. The real contest was between grandparents who are both in the class of "relatives" and who have equal priority to letters of guardianship under section 1407 of the Probate Code.

It is true that no petition was filed for guardianship of the minor by the paternal grandparents. The paternal grandparents were in court during the hearing, had been examined and cross-examined by both of the applicants for guardianship and had indicated their willingness to care for and take custody of the child. After hearing from the paternal grandparents the court expressed its confidence in them saying: ". . . I don't have any concern about their ability to raise the child, insofar as their character, honesty, integrity and judgment are concerned."

There is no validity to appellant's contention that a petition

for guardianship should have been filed on behalf of the paternal grandparents because otherwise the appellant here did not have a full opportunity to contest the issues of competency and fitness. ▉▉▉ Once the court had jurisdiction (by proper notice given) and it was established that it was "necessary or convenient" to appoint a guardian for the minor, the court could act in the best interests of the child and appoint a person or persons who had not petitioned.

In *Guardianship of Cantwell*, 125 Cal.App.2d 866 [271 P.2d 168], an application for guardianship was filed by Frank E. Cantwell asking that he be appointed guardian for his sons and alleging that the mother, Clotilda, was not a fit and proper person to have custody. Upon the hearing of the petition the court appointed the mother of the child as their guardian finding that she was a fit and proper person. The petitioner Frank E. Cantwell appealed, and one of the grounds was that no petition for guardianship had been filed on behalf of the mother and that it was improper for the court to appoint the mother as guardian upon his, the father's, petition. On this point the court said, at page 867 : "This is not a case of private litigants who may delimit the scope of the issues by narrowly stating what they plead and pray for. Here, the state as foster parent has an interest in the subject matter, the welfare of the children. It acts through the superior court in attending to their welfare. 'When it appears necessary or convenient, the superior court of the county in which a minor resides or is temporarily domiciled, or in which a nonresident minor has estate, may appoint a guardian for his person and estate, or person or estate. The appointment may be made upon the petition of a relative or other person on behalf of the minor, or on the petition of the minor, if fourteen years of age.' (Prob. Code, § 1440.) The primary question is whether it is 'necessary or convenient' that a guardian be appointed. Concerning the person who should be appointed, section 1440 is silent. It does not restrict the court, in its selection, to the petitioning relative or to the person, if any, recommended by the petitioning relative. . . .

"The fact that Frank asked for his own appointment, not Clotilda's, and that she sought custody order under sections 199 and 214 of the Civil Code instead of letters of guardianship, did not deprive the court of its jurisdiction and duty to select and appoint a proper person as guardian, once it decided that a guardian was needed by the children. The court found the mother fit and proper and appointed her. No ques-

tion as to her fitness is raised upon this appeal, merely the jurisdiction of the court to appoint her. We entertain no doubt concerning the court's power to appoint her. We can conceive of no need for the serving and filing of a new petition expressly praying for Clotilda's appointment as guardian. It would not add any pertinent issue to those presented by Frank's petition, of which all in interest had due notice."

This same point was passed upon in an Arizona case involving statutes similar to our own Probate Code. In *In re Iler*, 16 Ariz. 323 [145 P. 143], the Supreme Court of Arizona held that the lower court had jurisdiction upon hearing the petitions of the mother and the paternal grandmother of a minor (each for appointment of herself as guardian) to appoint the father as guardian.

Appellant's argument that she had no opportunity to contest the competency and fitness of the paternal grandparents is not meritorious. The paternal grandparents were in court and were cross-examined by appellant's trial counsel.

In a contest between a parent and a nonparent the issue of fitness of a parent is of crucial importance, because unless the parent is found by the court to be unfit there is no legal basis for the appointment of the nonparent. In *Guardianship of Smith*, 147 Cal.App.2d 686 [306 P.2d 86], the court said at page 693: ". . . we accept the rule as stated in one of the several opinions in *Guardianship of Smith*, 42 Cal.2d 91, at page 92 [265 P.2d 888, 37 A.L.R.2d 867], as follows: 'It is settled in this state that in either guardianship proceedings or custody proceedings in a divorce action, the parents of a legitimate child have preference over a nonparent and the custody shall not be given to a nonparent unless the parent is found unfit.' "

In a contest between nonparents, as in the case before us, the true issue is as quoted in section 1406 of the Probate Code as follows: "In appointing a general guardian of a minor, the court is to be guided by what appears to be for the best interest of the child in respect to its temporal and mental and moral welfare; . . ." The question of fitness of a nonparent is only an issue insofar as it may bear on the question of the best interest of the child. In the case at bar the court found that it would not be in the best interest of the child to appoint the maternal grandmother and that the best interest of the minor would be served by the appointment of the paternal grandparents. These findings were fully supported by the evidence.

Appellant next contends that the court should not appoint a guardian for a minor unless all parties have had full opportunity to investigate the fitness of the person or persons proposed by the court to be appointed. In this connection appellant argues that a guardian may not be changed or removed because of changed circumstances as in custody cases (see concurring opinion *Guardianship of Denny,* 97 Cal.App. 2d 763, 765 [218 P.2d 792]), and for that reason great caution should be used.

We have already pointed out that the fitness of the paternal grandparents was not the true issue; rather it was the best interest of the child. The court had all the parties before it to determine this issue. There was no element of unfairness to appellant, who had herself filed a petition for guardianship, for once the court has jurisdiction and all the parties are present, it may act in the best interest of the child and appoint one who has not formally applied. There was no need to grant a continuance to appellant so that she could investigate the paternal grandparents on the question of fitness. The latter were in court, examined by the parties and questioned by the court. The question of guardianship was opened up by the appellant and the court acted correctly when it appointed those persons whose "character, honesty, integrity and judgment" permit them to act for the best interest of the child in respect to its "temporal, mental and moral welfare."

The order made by the trial court is affirmed.

Burke, P. J., and Jefferson, J., concurred.